**BILLIE LM ADDLEMAN, #6-3690**
**TYSON R. WOODFORD, #8-6650**
Hirst Applegate, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
baddleman@hirstapplegate.com
twoodford@hirstapplegate.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| American Farm Bureau Federation, Wyoming Farm Bureau Federation, Natrona County Farm & Ranch Bureau, American Exploration & Mining Association, American Forest Resource Council, American Petroleum Institute, American Sheep Industry Association, National Cattlemen's Beef Association, National Mining Association, National Rural Electric Cooperative Association, Public Lands Council, and Western Energy Alliance, | No. 2:24-cv-136-ABJ |

*Plaintiffs*,

*v.*

United States Department of the Interior; United States Bureau of Land Management; Debra Haaland in her official capacity as Secretary of the Interior; Steve Feldgus in his official capacity as Principal Deputy Assistant Secretary of the Interior; and Tracy Stone-Manning in her official capacity as the Director of the Bureau of Land Management,

*Defendants*.

## PLAINTIFFS' STATEMENT OF CONSENT
## TO TRANSFER OF VENUE

On September 6, 2024, defendants filed a motion to transfer this case to the District of Utah (Dkt. 16), where a closely related suit against the same defendants is pending, commenced by the States of Utah and Wyoming. *See Utah v. Haaland*, No. 2:24-cv-438 (D. Utah). Plaintiffs have consented to transfer for the reasons stated in the government's motion and supporting

memorandum of law. They are national and regional trade associations whose members operate

all throughout the American West, including in both Wyoming and Utah. Although venue is proper

in this District, it also is proper in the District of Utah, where this lawsuit could have been initiated

pursuant to 28 U.S.C. § 1391(e). Moreover, plaintiffs agree with the government that this case can

be litigated and resolved relatively more efficiently if it is transferred to the District of Utah and

consolidated (or considered in close coordination) with the pending suit brought by the States of

Wyoming and Utah. There are overlapping claims in the two cases, and we anticipate that the

administrative record will be the same or very similar. Thus, transferring this case to the District

of Utah would serve judicial economy.

Because the upside of transfer is the ability to closely coordinate the two cases, plaintiffs

respectfully join the government's request that the motion be resolved expeditiously so that the

schedules for briefing and argument may be aligned. *See.* Dkt. 16, at 1.[1]

Dated: 9 September 2024.

BY: _____
**BILLIE LM ADDLEMAN, #6-3690**
**TYSON R. WOODFORD, #8-6650**
HIRST APPLEGATE, LLP
Attorneys for Plaintiffs
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
baddleman@hirstapplegate.com
twoodford@hirstapplegate.com

---

[1]  In consenting to transfer of this case to the District of Utah, plaintiffs take no position on the separate motion to transfer pending in *North Dakota, et al. v. U.S. Department of the Interior*, No. 1:24-cv-124 (D.N.D.), which involves sovereign rather than private interests.